Case 6:14-cv-01754-CEM-TBS   Document 47   Filed 11/26/14   Page 1 of 4 PageID 748

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENUEN CORPORATION, JEFFREY
CHARLES NEMES, and DONGJOON
ALEXANDER KIM,

    Plaintiffs,

v.                                                        Case No.  6:14-cv-1754-Orl-41TBS

JOHN L. LAMEIRA, AMERICA'S GREEN
ENERGY SOURCE, INC., AMERICA'S
GREEN ENERGY CONTRACTORS, INC.,
CATHY J. LERMAN, STEVEN H. LERMAN,
CATHY J. LERMAN, P.A., WALTER
KRITSKY and DOES 1-50,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion to Permit Discovery in Advance of Rule 26(f) Conference (Doc. 45).  Counsel for Plaintiffs represents that all Defendants who have appeared in the case have consented to the requested relief.  The motion is due to be granted.

This is an action for damages, injunctive relief, and other relief.  (Doc. 1). Plaintiffs allege, inter alia, that the Doe Defendants have anonymously posted false and defamatory statements about them on internet websites including Ripoff Report, Pissed Consumer, iHub, and Weebly.  (Doc. 45).  Plaintiffs seek to identify the Doe Defendants in advance of the parties' FED. R. CIV. P. 26(f) conference.  (Id.).  They allege that they have been unable to identify the Doe Defendants through good-faith investigation and that the websites where the false and defamatory statements have

been posted will not disclose any user information except in response to a subpoena or other court order. (Id., at 2). Plaintiffs' motion is supported by the declaration of Chris Anderson, co-founder of a cyber investigation and repair service. (Doc. 45-1). According to Mr. Anderson time is of the essence because most websites and internet service providers do not store user-access information indefinitely. (Id.). If the information Plaintiffs seek ceases to be maintained then it may be impossible to identify the person(s) who posted the defamatory content. (Id.).

Courts in this district have authorized early discovery, before the FED. R. CIV. P. 26(f) conference to identify anonymous internet users. See, Bicycle Peddler, LLC v. Doe 39, No. 6:13-cv-594-Orl-37TBS, 2013 WL 1703986 (M.D. Fla. April 19, 2013); Patrick Collins, Inc. v. John Does 1-43, No. 2:12-cv-521-FtM-29SPC, 2012 WL 4513063 (M.D. Fla. Oct. 1, 2012); World Digital Rights, Inc. v. John Does 1-80, No. 2:12-cv-225-FtM-UASPC, 2012 WL 1623871 (M.D. Fla. May 9, 2012). Also see, Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011); Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012).

The Court finds that Plaintiffs have made a prima facie showing: (1) of defamation; (2) that there is no other way to identify the Doe Defendants; (3) that there is a risk the relevant websites and internet service providers will destroy their records before the Rule 26(f) conference; (4) Plaintiffs have specified the discovery they are seeking; (5) Plaintiffs have demonstrated a need for the subpoenaed information to prosecute their claims; and (6) that the Doe Defendants' expectation of privacy does not outweigh Plaintiffs' need for the information it seeks. Patrick Collins,

Inc., 2012 WL 4513063 at *1.  Accordingly, Plaintiffs' motion is GRANTED and it is ORDERED that:

(1)  Plaintiff may serve FED. R. CIV. P. 45 subpoenas on Xcentric Ventures, LLC, Opinion Corporation, InvestorsHub.com, Inc., and Weebly, Inc., in advance of the parties' Rule 26(f) conference.

(2) The subpoenas shall order production of all documents relating to the identity of the person(s) who posted allegedly defamatory material about a Plaintiff or Plaintiffs on websites maintained by Xcentric Ventures, LLC, Opinion Corporation, InvestorsHub.com, Inc., and Weebly, Inc.  The recipients of the subpoenas shall produce all documents identifying each persons first and last name, email address, physical address, telephone or mobile number, IP address, IP log records, and other identifying information.

(3) Any internet service provider that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5) shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Doe Defendant(s).

(4) The subpoenaed internet service providers shall not require Plaintiffs to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed internet service providers require Plaintiffs to pay a fee for an IP address that is not controlled by such internet service provider, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the internet service provider's internal costs to notify its customers.  If necessary, the Court will resolve any disputes between the internet

service providers and Plaintiffs regarding the reasonableness of the amounts proposed to be charged by the internet service providers after the subpoenaed information is provided to Plaintiffs.

(5) Should any Doe Defendant file a motion objecting to the disclosure of his or her identifying information, the internet service provider shall withhold that Doe Defendant's identifying information from Plaintiffs unless and until Plaintiffs obtain a subsequent Court Order authorizing the disclosure.  The internet service provider shall retain the Doe Defendant(s) identifying information and any records relating thereto until further order of Court or such time as this case is resolved, whichever occurs first.

(6) Plaintiffs may only use the information disclosed in response to the Rule 45 subpoenas issued pursuant to this Order for the purpose of protecting and enforcing Plaintiffs' rights as alleged in their complaint in this case.

DONE AND ORDERED in Orlando, Florida, on November 26, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel
Any Unrepresented Parties