UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENUEN CORPORATION, JEFFREY
CHARLES NEMES, and DONGJOON ALEXANDER
KIM,

    Plaintiffs,

v.                                Case No.   6:14-cv-1754-Orl-41TBS

JOHN L. LAMEIRA, AMERICA'S GREEN
ENERGY SOURCE, INC., AMERICA'S
GREEN ENERGY CONTRACTORS, INC.,
CATHY J. LERMAN, STEVEN H. LERMAN,
CATHY J. LERMAN, P.A., WALTER KRITSKY
and DOES 1-50,

    Defendants.

_____/

## ORDER

This case comes before the Court on Defendants Cathy J. Lerman and Cathy Jackson Lerman, PA's Motion for Stay of Discovery and Case Management Conference for a Period of 60 Days Pending Ruling on Defendants' Motion to Transfer, Motion to Dismiss, and Objection and Motion for Protective Order Regarding Discovery (Doc. 85). Plaintiffs oppose the motion (Doc. 95).

District courts have inherent power to control their dockets and manage their cases. The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D.Fla. Aug. 14, 2014). This includes the discretionary power to enter a stay of the proceedings. Id. The decision on whether to enter a stay requires a weighing of the parties' competing interests and the maintenance of an even balance in the case. Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); AXA Equitable Life Ins. Co. v. Infinity Financial Group,

LLC, Case No. 08-80611-CV, 2012 WL 602709 at * 2 (S.D.Fla. Feb. 23, 2012).   In

exercising their discretion, courts consider both the facts of the case and the public

interest.   Id.   The moving party bears the burden of demonstrating that the imposition of

a stay is warranted.   CANVS Corp. v. FLIR Systems, Inc., Case No. 2:14-cv-180-FtM-

38CM, 2014 WL 6883127 at * 1 (M.D.Fla. Dec. 5, 2014).

Plaintiffs are suing Defendants Cathy J. Lerman and her firm, Cathy Jackson

Lerman P.A. (collectively "Lerman"), for violation of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1962, defamation, tortious interference with

contractual business relations, violation of the Florida Deceptive and Unfair Trade

Practices Act, Fla. Stat. § 501.211, and civil conspiracy (Doc. 1).   Lerman has filed a

motion to dismiss Plaintiffs' claims on the grounds that: (1) they have not complied with all

conditions precedent to bringing their defamation claims; (2) the complaint is a shotgun

pleading; (3) Plaintiffs have failed to allege fraud with particularity; (4) Lerman's actions

are protected by the First Amendment; (5) the complaint does not state a cause of action

for defamation because it fails to allege facts showing actual malice; (6) under the First

Amendment and the Constitution of the State of Florida, Article 1, Section 4, Lerman has

the right to speak and voice concerns about matters of public interest; (7) Plaintiffs' claims

are barred by the defense of impossibility since they have never enjoyed good

reputations; and (8) the statements attributed to Lerman are protected opinion (Docs. 66

and 69).

In separate motions, Lerman and her husband, Co-Defendant, Steven H. Lerman

are asking the Court to transfer this case to the Southern District of Florida which, they

contend, is a more convenient and economical forum for the parties and witnesses (Docs.

53, 68).

Plaintiffs have served requests for the production of 108 categories of documents on Lerman, who has objected and moved the Court for a protective order on the grounds that the requests violate the federal and local rules governing discovery, and ask for privileged information (Docs. 85-1, 86, 88).

In the pending motion, Lerman is requesting a stay of discovery and "further case management conference requirements" for 60 days while the parties await decisions on the motions to transfer, motions to dismiss, the objection and the motion for protective order.   Plaintiffs oppose every motion and objection Lerman and Steven H. Lerman have filed (Docs. 63, 78-80, 89, 94, 95).

Lerman's first argument for the entry of a stay is that the RICO claim lacks merit. Lerman invites the Court to take a preliminary or quick peek at the complaint and motion to dismiss to confirm this claim.   "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to "take a preliminary peek" at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, Case No. 97-51-Civ-J-10C, 176 F.R.D. 651, 652-53 (M.D.Fla. 1997). If the RICO claim is dismissed, that will not dispose of the other claims against Lerman. The Court also notes that the motions to dismiss are directed to Plaintiffs' original complaint.   Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive. Sprint Solutions, Inc v. Cell Xchange, Inc., 8:14-cv-233-T-27AEP, 2014 WL 4947819 at * 2-3 (M.D.Fla. Oct. 1, 2014) (stay of discovery not warranted when it is unclear whether motion to dismiss will dispose of the entire case).

Next, Lerman argues that a stay is appropriate because the case may end up being transferred to the Southern District of Florida.   The Court fails to see why transfer of the case will have any meaningful effect on the litigation.   While any new court will presumably enter its own scheduling order, transfer certainly will not simplify the issues or reduce the amount of discovery required to present the parties' claims and defenses.

Lerman's third argument is that all 108 document requests are objectionable.   If true, that may be grounds for a motion for protective order, but not a stay.

The first of Lerman's next two arguments is that because the complaint includes 50 John Does that means, *ipso facto*, that Plaintiffs will be amending to add 50 additional defendants.   Lerman argues that when this happens, the Court will have to decide whether the case should be re-designated as a Track Three case.   Therefore, Lerman asserts that it is premature to conduct discovery and hold a case management conference until all parties have been identified and have had a chance to respond. Second, Lerman contends that Plaintiffs will not be prejudiced by the requested stay since they are still in the process of identifying the majority of the other Defendants. Plaintiffs explain in their response to the motion that when their complaint was filed, they had limited knowledge of the identities of the persons who made allegedly defamatory internet posts about them.   Plaintiffs say the purpose of the 50 John Does is to preserve the claims against the unidentified internet posters.   Plaintiffs represent that they have no intention of adding 50 additional defendants, and that the posts appear to have been made by a much smaller group of people, which may include some of the current Defendants.   After due consideration, the Court is not persuaded by Lerman's arguments.

Finally, Lerman argues that a stay is appropriate because the parties have

submitted conflicting case management reports, containing different deadlines, which will require Court intervention.   Again, the Court does not understand why this is grounds for a stay.   One of the Court's basic functions is the management of the cases before it. The Court now has the parties' input to assist it in setting the schedule that will govern this litigation, and it will issue a case management and scheduling order in due course.

For all of these reasons, Lerman's motion for a stay is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, on March 13, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel