UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENUEN CORPORATION, JEFFREY
CHARLES NEMES, and DONGJOON
ALEXANDER KIM,

    Plaintiffs,

v.                                                      Case No.   6:14-cv-1754-Orl-41TBS

JOHN L. LAMEIRA, AMERICA'S GREEN
ENERGY SOURCE, INC., AMERICA'S
GREEN ENERGY CONTRACTORS, INC.,
CATHY J. LERMAN, STEVEN H. LERMAN,
CATHY J. LERMAN, P.A., WALTER KRITSKY
and DOES 1-50,

    Defendants.
_____/

## ORDER

On March 17, 2015, the Court entered its Order on the Amended Objection and Motion for Protective Order Regarding Discovery by Defendants Cathy J. Lerman and Cathy Jackson Lerman, PA (the "Lerman Defendants") (Doc. 100). Plaintiffs prevailed on the motion and the case is now before the Court on their application for attorney's fees (Doc. 104). The Lerman Defendants have filed a response in opposition to the application (Doc. 106).

In their response, the Lerman Defendants ask the Court to reconsider its Order denying their motion for protective order (Doc. 106 at 18). The motion for reconsideration is **DENIED**. The Lerman Defendants argued in their motion for protective order that the documents Plaintiffs were requesting contain the identities of non-parties who have a well-founded fear that they will be intimidated and threatened by

Plaintiffs if their names are disclosed[1] (Doc. 100 at 7).  In support of this allegation, the Lerman Defendants filed an excerpt from the deposition of Michael Nello, a former Renuen employee who said he and his family received threats of bodily harm from Plaintiff Michael Nemes; an affidavit from John L. Lameira who stated that his life was threatened by Roderick L. Boling, a person allegedly associated with Plaintiffs; and a statement from Ms. Lerman that she received death threats from Mr. Boling (Docs. 86-2, 88 at 4, 96).  Despite this proffer, the Court denied this part of the motion for protective order because the Lerman Defendants failed to cite any legal authority for the proposition that the identity of a non-party can be concealed; and they failed to show that they have standing to bring a motion for protective order on behalf of non-parties (Doc. 100 at 8). The Court said that if someone intimidates a non-party, then the non-party must seek protection from the Court.  (Id.) (citing Refoule v. Ellis, 74 F. Supp. 336, 343 (N.D. Ca. 1947)).  The Lerman Defendants argue that the Court should reconsider its ruling on this part of their motion for protective order, and as grounds, repeat the arguments they made in their original motion.  They also offer more examples of Plaintiffs' alleged threatening conduct (Doc. 106 at 5, 8-10, 14-15).  And, for the first time, they cite Roca Labs, Inc. v. Consumer Opinion Corp., No. 8:14-cv-2096-T-33EAJ, Doc. 19, (M.D.Fla.), and Ms. Lerman's ethical duty found in Rule 4-1.6 of the Rules Regulating the Florida Bar as authority to bring the motion for protective order on behalf of the non-parties (Doc. 106 at 6).

    A party may seek relief from a final judgment, order, or other proceeding under

---

[1] The Lerman Defendants also objected to Plaintiffs' requests for production and sought a protective order on the grounds that the requests are so overbroad and generalized that they are oppressive and impossible to respond to; the requests are simply boilerplate; Plaintiffs seek privileged information; and they seek information about nonparties who enjoy an expectation of privacy (Doc. 88).

- 2 -

Fed.R.Civ.P. 60(b).  "Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly."  See Carter v. Premier Rest. Mgmt, No. 2:06-cv-212-FtM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).  The three major grounds for a motion for reconsideration of an order are to: (1) account for an intervening change in controlling law; (2) consider newly available evidence; or (3) correct clear error or prevent manifest injustice.  Parker v. Midland Credit Mgmt., 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citing Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988) ("A motion for reconsideration may be brought pursuant to Rule 59(e) or Rule 60(b) ... Courts have delineated three major grounds justifying reconsideration ... ")).[2]

The Lerman Defendants have not demonstrated the existence of a valid ground for reconsideration.  They have not alleged that reconsideration is necessary for the Court to account for an intervening change in law, and they have not presented newly available evidence.  While they allege more examples of harassment and intimidation, they do not argue that the newly disclosed instances were unknown to them when they filed the

---

[2] Although Courts have interpreted the federal rules to allow for three *major* grounds for relief, the text of Rule 60(b) provides the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

original motion, and they do not explain why this cumulative evidence is cause for the Court to reverse itself, and enter a protective order.   The Lerman Defendants also have not demonstrated that the Court committed clear error.   In demonstrating clear error, they must do more than reargue an issue the Court has already determined.   Rather, the "burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."   Carter, 2006 WL 2620302, at *1; see also O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006); Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

The Lerman Defendants reliance on Roca Labs is misplaced.   There, the court denied a motion for temporary restraining order, construed as a motion for protective order, to prevent witness intimidation.   Id., at Doc. 37.   Ms. Lerman's citation of Rule 4-1.6 of the Rules Regulating the Florida Bar as a basis for filing a motion to protect non-parties also lacks merit.   She offers no explanation of how a Florida Bar rule could give her standing to motion a federal court to protect the personal rights of non-parties.   The Court also notes that the Preamble to the Rules of Professional Conduct, Chapter 4 Rules Regulating the Florida Bar states "[v]iolation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached."   Preamble: A Lawyer's Responsibilities.   The Court does not understand how rules that do not create causes of action can impart standing to file a motion for protective order on behalf of non-party witnesses.

Federal Rule of Civil Procedure 26(c)(3) makes Rule 37(a)(5) applicable to motions for protective orders.   Rule 37(a)(5)(B) provides that if a motion is denied "the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its

- 4 -

reasonable expenses incurred in opposing the motion, including attorney's fees. There are three exceptions to the Rule: (1) when the movant fails to attempt in good faith to resolve the matter before seeking court intervention; (2) if the motion was substantially justified; or (3) if other circumstances make an award unjust. Id. The Court has already found that none of the exceptions apply. Still, the Lerman Defendants argue that their motion for protective order was substantially justified. They base their argument on their concern that Plaintiffs have and will intimidate witnesses, and new allegations that Plaintiffs and their lawyers are engaging in misleading conduct to harass, influence and intimidate Defendants, and knowingly mislead the Court (Doc. 106, ¶¶ 25, 32). The Lerman Defendants also contend that Plaintiff's lawyers have made allegations of fact for which they lack reliable evidence or a good faith belief (Id., ¶ 23); a notary public employed by Plaintiffs notarized forged signatures for Plaintiffs' benefit (Id., ¶¶ 25, 32); and one of the Plaintiffs filed an unfounded ethics complaint against Ms. Lerman (Id., ¶¶ 22-23). These are serious allegations which, if proven, will have real consequences. But, they were not cited as grounds for the entry of a protective order. The Court has already found, with two exceptions, that the Lerman Defendants failed to show good cause for a protective order or why they should be excused from furnishing a privilege log (Doc. 100).

The issue now before the Court is the amount of attorney's fees Plaintiffs should recover for having to defend the improvidently filed motion for protective order. Federal courts have adopted the lodestar method to determine the amount of attorney's fees to be awarded. Schafler v. Fairway Park Condominium Ass'n, 147 F. App'x 113, 114 (11th Cir. 2005) (per curiam). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services

provided by counsel for the prevailing party.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount.) (per curiam).   "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).   The Court must exclude from its calculation, "excessive, redundant or otherwise unnecessary" hours.  Hensley v. Eckerhard, 461 U.S. 424, 434 (1983).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Norman, 836 F.2d at 1299.  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).   The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiffs seek a total of $9,695.50 for the following three lawyers to prepare their response to the motion for protective order:

| Attorney | Hours | Rate | Amount |
| --- | --- | --- | --- |
| Adam Sherman | 7.0 | $420 | $2,940.00 |
| T. Blake Finney | 8.7 | $260 | $2,262.00 |

     Clifford Lauchlan          20.9          $215          $4,493.50

(Doc. 104 at 3, 5-6).

     Mr. Sherman is a partner at Vorys, Sater, Seymour & Pease LLP, who has been practicing law for over 13 years (Id., at 5).  Mr. Finney and Mr. Lauchlan are associates at the Vorys Sater firm.  Mr. Finney has over 3 ½ years of experience, and Mr. Lauchlan is a 2014 graduate of the University of Cincinnati College of Law (Id., at 5-6).  Plaintiffs represent that the majority of the work was performed by Mr. Lauchlan, then reviewed and revised by Mr. Finney, and lastly, by Mr. Sherman (Id., at 5).  Counsel say their fees are reasonable because they are the rates Plaintiffs agreed to, and because the Vorys Sater firm endeavored to minimize the total fee by utilizing associates with lower billing rates to perform the majority of the work (Id., at 5-6).

     The Lerman Defendants make two valid arguments in opposition to the requested fee.[3]  First, Plaintiffs fail to explain why three lawyers were needed to prepare a response to a straightforward motion for protective order that did not raise novel or complex issues.  Second, the Vorys Sater firm's billing records and the attorneys' explanation of how the response was prepared are not easily reconciled.  The billing records reflect that Mr. Finney was the first to start drafting the response on February 6, and then Mr. Lauchlan started work on February 9 (Doc. 104-1 at 6).  Mr. Sherman, the partner in charge, and Mr. Finney both analyzed Plaintiffs' arguments on February 17, and Mr. Sherman outlined those arguments on February 18, 2015 (Id., pg. 9).  At best, the records paint a picture of disorganization, inefficiency, and duplication of effort.  A

---

[3] The Court is not persuaded by the Lerman Defendants' remaining arguments that counsels' billing records are generalized and conclusory, and the response to the motion for protective order was not lengthy (Doc. 106, pg. 16).  It is generally more difficult and time consuming to write a short paper than to write a long one.  "If in this I have been tedious, it may be some excuse, I had not time to make it shorter." William Cowper, Philosophical Transactions of the Royal Society, 1704.

prevailing party may not recover attorney's fees for "excessive, redundant, or otherwise unnecessary" hours, Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), or demand more than the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," Norman, 836 F.2d at 1299.   Having considered the complexity of this matter and the experience of the attorneys, the Court finds that Plaintiffs are seeking compensation for excessive and redundant hours worked.   Considering the amount of time the Court expended on the motion, and its knowledge of the market for similar services, it finds that 8 hours of attorney time was reasonably expended to prepare Plaintiff's response to the motion for protective order.

According to Plaintiffs, $265 per hour is the approximate average hourly rate charged for the preparation of the response.   The Court finds this blended rate reasonable for the work that was performed.   Multiplying 8 hours by $265 per hour results in a total fee of $2,120 which is reasonable under the circumstances. Accordingly, Plaintiffs shall recover $2,120 in attorney's fees from the Lerman Defendants for defending the motion for protective order.

**DONE AND ORDERED** in Orlando, Florida, on April 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel
Any Unrepresented Parties