UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENUEN CORPORATION, J.
CHARLES NEMES and DONGJOON
ALEXANDER KIM,**

    **Plaintiffs,**

v.                Case No: 6:14-cv-1754-Orl-41TBS

**JOHN L. LAMEIRA, AMERICA'S
GREEN ENERGY SOURCE, INC.,
CATHY J. LERMAN, STEVEN H.
LERMAN, CATHY J. LERMAN, P.A.,
DOES 1-50 and GREEN ENERGY
GROUP, INC.,**

    **Defendants.**
               /

**ORDER**

THIS CAUSE is before the Court on Defendants Cathy J. Lerman and Cathy J. Lerman, P.A.'s ("Defendants") Objections to Magistrate Thomas Smith's March 17, 2015 and April 22, 2015 Orders ("Objections," Doc. 110). Plaintiffs filed a Response in opposition to Defendants' Objections. (Resp., Doc. 113). For the reasons set forth herein, Defendants' Objections will be overruled in part and sustained in part.

    **I.**  **PROCEDURAL BACKGROUND**

Plaintiffs, RenuEn Corporation, a Florida corporation engaged in the business of selling and installing energy saving products and services for residential and commercial clients, and its officers, filed this lawsuit against various businesses and persons alleging, generally, that they had conspired to ruin Plaintiffs' business. (*See generally* Am. Compl., Doc. 119). Cathy J. Lerman, an attorney, and her law firm Cathy J. Lerman, P.A. were named Defendants in this lawsuit.

On January 20, 2015, Plaintiff RenuEn Corporation served its First Set of Requests for Production of Documents to Defendant Cathy J. Lerman, P.A. (First Set of Requests, Doc. 88-1, at 1, 19). In response, Defendants moved for a protective order. (Mot. Protective Order, Doc. 88). As grounds therefor, Defendants argued that the requests were overbroad, did not comply with discovery rules, and that the requested documents contained privileged information, including the identity of Defendants' clients. (*Id.* at 3–4). Defendants further sought a protective order on behalf of Defendants' clients to protect the clients from Plaintiffs' alleged threats and intimidation tactics. (*Id.* at 4–5). Specifically, Defendants requested an order protecting the identities of their clients from disclosure in discovery. (*Id.* at 5).

United States Magistrate Judge Thomas B. Smith issued an Order (Doc. 100) on Defendants' Motion for Protective Order. Therein, Judge Smith noted that Defendants' objections on the basis of overbreadth were "non-specific, typical, and conclusory," and failed to comply with local rules and practice. (*Id.* at 3). Nevertheless, Judge Smith held that Defendants had properly articulated a basis for overbreadth as to the first two requests for production and granted the motion to that extent. (*Id.* at 3, 5–7). With respect to Defendants' privilege claims, Judge Smith held that Defendants' objections were premature because no privilege log had been produced and Defendants had not met their burden of establishing that a privilege log should not be produced. (*Id.* at 3–5). Finally, Judge Smith held that Defendants had not established standing to seek a protective order on behalf of Defendants' clients and, even if they had standing, Defendants had not presented authority that the identities of non-parties can be concealed. (*Id.* at 7–8).

In addition to addressing the merits of Defendants' Motion for Protective Order, Judge Smith held that pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), Defendants' motion was not substantially justified and no other circumstances made an award of Plaintiffs' attorney's fees

in opposing the motion unjust. (*Id.* at 8). Accordingly, Judge Smith found that Plaintiffs, as the prevailing party, were entitled to an award of their attorney's fees and ordered Plaintiffs to file an application for their fees. (*Id.*). After reviewing Plaintiffs' Application for Attorney's Fees (Doc. 104) and Defendants' Response (Doc. 106), Judge Smith awarded Plaintiffs $2,120.00. (Apr. 22, 2015 Order, Doc. 108, at 8). In Defendants' Response, they not only opposed the requested amount of attorney's fees but also opposed the award of attorney's fees altogether. (Defs.' Resp. at 18). Judge Smith construed Defendants' objection to the award of fees as a motion to reconsider the denial of the Motion for Protective Order and denied it. (Apr. 22, 2015 Order at 1). On May 11, 2015, Defendants filed the Objections, raising objections to both the March 17, 2015 Order and the April 22, 2015 Order.

## II. ANALYSIS

Parties may object to orders issued by magistrate judges on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings . . . made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### A. March 17, 2015 Order

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), a district judge may reconsider the orders of a magistrate judge issued on non-dispositive matters. Nevertheless, the Court must only consider timely objections thereto. *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (per curiam) (citing *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam)) ("A party who fails to timely challenge a magistrate's nondispositive order before the district court waives his right to appeal the order."). Pursuant to Rule 72(a), objections to a magistrate judge's order on a non-dispositive motion must be filed no later than fourteen days after the order is served.

Defendants' Objections were filed on May 11, 2015, fifty-five days after Judge Smith issued the March 17, 2015 Order. Accordingly, Defendants' objections to the March 17, 2015 Order were not timely raised and are deemed waived.[1]

### B. April 22, 2015 Order

Defendants raise four objections to the April 22, 2015 Order. First, Defendants argue that Judge Smith erred in treating Defendants' Response as motion for reconsideration. Second, Defendants allege that an award of Plaintiffs' attorney's fees was not mandatory under Rule 37 because the Motion for Protective Order was substantially justified or Plaintiffs' conduct makes the award of fees otherwise unjust. Third, Defendants contend that Judge Smith erred in finding that Defendants lacked standing to seek a protective order on behalf of their clients. Finally, Defendants argue that Judge Smith failed to apportion the fees as required by Rule 37.

#### 1. *Motion for Reconsideration*

---

[1] To the extent Defendants could argue that Defendants' Response was an objection or tolled the time to file objections, Defendants' Response itself was filed beyond the fourteen-day deadline, and therefore, could not have preserved any objections.

As to Defendants' first objection, Judge Smith did not commit clear error by construing Defendants' Response as a motion for reconsideration. Despite Defendants' vehement declarations to the contrary, (Objs. at 8 ("Defendants never requested 'reconsideration' by the [M]agistrate in [Defendants'] Response.")), Defendants did, in fact, expressly request that Judge Smith reconsider his March 17, 2015 Order, (Defs.' Resp. at 18 ("Defendants respectfully request that this Court . . . [r]econsider Defendants' Motion for Protective Order.")). Therefore, the Court finds no clear error in Judge Smith's decision to treat Defendants' Response as a motion for reconsideration.

### 2. *Substantially Justified*

Defendants argue that Judge Smith failed to consider additional evidence of alleged witness intimidation and misconduct by Plaintiffs and their counsel that was set forth in Defendants' Response. Specifically, Defendants argue that this evidence is sufficient to substantially justify their Motion for Protective Order or to otherwise render the imposition of attorney's fees unjust. As to Defendants' first argument, Judge Smith did consider the additional evidence and argument presented in Defendants' Response and rejected the same as insufficient to overcome the imposition of attorney's fees under Rule 37. (Apr. 22, 2015 Order at 5). Thus, to the extent Defendants object to Judge Smith's failure to consider the additional evidence, their objection will be overruled.

Insofar as Defendants continue to argue that the alleged conduct of Plaintiffs and their counsel made Defendants' Motion for Protective Order substantially justified or would otherwise render the imposition of fees unjust, Defendants' objections are not well taken. In the context of Rule 37(a)(5), "a motion . . . is 'substantially justified' so long as 'there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action].'" *Josendis v.*

*Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, "[a] position is 'substantially justified' if it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact." *In re Coll. Landings Ltd. P'ship*, 248 B.R. 619, 625 (Bankr. M.D. Fla. 1998) (quotation omitted).

Defendants argue that the Motion for Protective Order was substantially justified because of the alleged actions of Plaintiffs and Plaintiffs' counsel. Defendants also argue that Judge Smith erred in finding that an award of fees is not unjust because such an award amounts to an undeserved windfall for Plaintiffs. Defendants have not shown that Judge Smith's holding was clearly erroneous or contrary to controlling law. Judge Smith found that Defendants' Motion for Protective Order failed to follow local practice, did not clearly articulate either a legal or factual basis for the relief sought, and was, in large part, premature. (*See* Mar. 17, 2015 Order at 3). Furthermore, as more fully set forth below, Defendants' request for a protective order on behalf of their unnamed, non-party clients was not supported by the law or by a good faith argument for a change in the controlling law. Thus, it was not clearly erroneous to find that the motion was not substantially justified.

Additionally, Defendants' repeated assertions that Plaintiffs are engaged in witness tampering and intimidation are misplaced. While these are exceptional allegations that, if true, could result in severe sanctions, such allegations do not make it unjust to award fees incurred solely in defending against a motion of dubious value at best. Defendants elected to file a poorly drafted and researched motion to which Plaintiffs were forced to respond. Therefore, Judge Smith's holding that an award of fees was not otherwise unjust under the circumstances was not clear error and is supported by the record. Defendants' objection will be overruled.

*3.    Standing*

Defendants also object to Judge Smith's finding that they failed to state a basis for standing to seek a protective order on behalf of Defendants' non-party clients. In the April 22, 2015 Order, Judge Smith held that Defendants failed, repeatedly, to present authority for the proposition that they had standing to assert the rights of their clients, or that a client's name can be protected. The Court agrees with Judge Smith's holding.

Pursuant to Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." The Court may grant a protective order, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "A party does have standing to challenge a subpoena when the subpoena requests documents in which the party has a personal right or privilege." *Malibu Media, LLC v. John Does 1-25*, No. 2:12-cv-266-FtM-29DNF, 2012 WL 3940142, at *6 (M.D. Fla. Aug. 21, 2012) (quotation omitted), *adopted*, 2012 WL 3941770 (M.D. Fla. Sept. 10, 2012). Defendants assert that the names of their clients are protected by the attorney-client privilege. "The law is clear that it is the client, not the attorney, who holds the privilege and only the client may waive the privilege." *In re Tippy Togs of Miami, Inc.*, 237 B.R. 236, 238 (Bankr. S.D. Fla. 1999). Thus, the privilege belongs to Defendants' clients and is not a personal right or privilege to Defendants. *See Fed. Deposit Ins. Corp. v. Marine Midland Realty Credit Corp.*, 138 F.R.D. 479, 480 n.1 (E.D. Va. 1991) ("Since the document in question is a communication between [the client] and its attorney, the privilege belongs only to [the client]. Thus, the movants other than [the client] have no privilege with respect to the document and have no standing to bring this motion.").

Insofar as Defendants attempt to argue that they are obligated to raise the attorney-client privilege on behalf of their clients, even if this was true in regards to a protective order, Defendants' request was at least premature. "An attorney is required to assert the attorney-client privilege *when the client requests him to do so* and there is a reasonable basis to conclude that the disclosure of information would breach the privilege." *In re Grand Jury Proceedings*, 831 F.2d 222, 225 n.9 (11th Cir. 1987) (emphasis added). Defendants have not indicated, in any filing, that any client, let alone every client, has requested that Defendants assert the attorney-client privilege on his or her behalf and with respect to his or her identity. Thus, assuming such a request would give Defendants standing if timely made, the Motion for Protective Order was premature.

Finally, even if Defendants otherwise had standing to make the motion, "[t]he general rule is that the identity of a client falls outside the bounds of the attorney-client privilege." *Gonzalez v. Reno*, No. 00-3621-CIV, 2001 WL 34083812, at *2 (S.D. Fla. Jan. 23, 2001); *see also Thompson v. Cincinnati Ins. Co.*, No. 3:10-cv-318-RS-EMT, 2010 WL 4667100, at *3 (N.D. Fla. Nov. 9, 2010) ("The attorney-client privilege protects the confidentiality of communications within the attorney-client relationship, not the external trappings of the relationship, such as facts relating to the creation or existence of the attorney-client relationship."). Although Defendants have made substantial factual allegations that, if true, would certainly lead to a reasonable basis for client concern, Defendants have not established that an exception to the general rule applies in this case. Accordingly, Defendants have not established clear error with respect to Judge Smith's determination that Defendants lacked standing or a basis in the law to seek to prevent the disclosure of their clients' names as privileged.

*4. Apportionment*

In their final objection, Defendants argue that Judge Smith erred by failing to consider that Defendants' Motion for Protective Order was granted in part. As an initial matter, Defendants have failed to meet their burden of showing that the April 22, 2015 Order is clearly erroneous or contrary to the law. *See United States v. Moss*, No. 10-60264-CR, 2011 WL 2669138, at * 1 (S.D. Fla. may 6, 2011) (holding that the burden on appeal of a magistrate judge's ruling rests on the party raising the objection). Defendants' objection amounts to two sentences, fails to fully articulate the basis for Defendants' argument, and fails to cite any legal authority in support of their objection.

However, to the extent Defendants were attempting to argue that Judge Smith should have applied Rule 37(a)(5)(C), as opposed to Rule 37(a)(5)(B), and considered apportioning the fee award, Defendants' objection will be sustained. Rule 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion." Judge Smith did grant the Motion for Protective Order in part, and therefore, should have considered if the fees should have been apportioned.

Nevertheless, the Court will not remand this case for further determination. Based on a *de novo* review of the record, the award of fees was appropriate under the circumstances.[2] As set forth herein, Defendants' Motion for Protective Order was conclusory, failed to comply with Local Rules, and was substantially unsupported by the law. Accordingly, the Court finds that Plaintiffs will be entitled to recover their reasonable attorney's fees expended in responding to Defendants' borderline frivolous filing.

---

[2] The Court notes that, although not directly discussing apportionment under Rule 37, Judge Smith did reduce Plaintiffs' requested fees by $7,575.50—from $9,695.50 to $2,120.00.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Objections to Magistrate Thomas Smith's March 17, 2015 and April 22, 2015 Orders (Doc. 110) are **SUSTAINED in part** and **OVERRULED in part**.

2. The March 17, 2015 Order (Doc. 100) is **AFFIRMED**.

3. The April 22, 2015 Order (Doc. 108) is **AFFIRMED in part**.

4. Plaintiffs shall recover $2,120.00 from Defendants Cathy J. Lerman and Cathy J. Lerman, P.A. as a reasonable attorney fee.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties