UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENUEN CORPORATION, J. CHARLES NEMES and DONGJOON ALEXANDER KIM,**

      Plaintiffs,

v.                            Case No:  6:14-cv-1754-Orl-41TBS

**JOHN L. LAMEIRA, AMERICA'S GREEN ENERGY SOURCE, INC., CATHY J. LERMAN, STEVEN H. LERMAN, CATHY J. LERMAN, P.A., DOES 1-50 and GREEN ENERGY GROUP, INC.,**

      Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants John L. Lameira and America's Green Energy Source's ("AGEC") Motion for Order Dismissing the Plaintiff's Case with Prejudice and for Order for Costs and Attorney's Fees ("Motion to Amend," Doc. 135), which this Court construes as a motion to amend this Court's October 16, 2015 Order (Doc. 134). For the reasons set forth herein, Defendants' Motion to Amend will be denied.

**I.  PROCEDURAL BACKGROUND**

Plaintiffs, RenuEn Corporation, a Florida corporation engaged in the business of selling and installing energy-saving products and services for residential and commercial clients, and its officers filed this lawsuit against various businesses and persons alleging, generally, that they had conspired to ruin Plaintiffs' business. (*See generally* Compl., Doc. 1). The Defendants moved to dismiss the Complaint. (*See* Mots. Dismiss, Doc. Nos. 65–67, 69, 70). Defendants' motions were

granted in part and Plaintiffs were granted leave to amend. (Aug. 3, 2015 Order, Doc. 118, at 21). Plaintiffs filed their Amended Complaint (Doc. 119) asserting similar claims for relief. Defendants again moved to dismiss. (*See* Second Mots. Dismiss, Doc. Nos. 121–122, 127).

Before the Court ruled on Defendants' Second Motions to Dismiss, Plaintiffs' counsel filed a Motion for Leave to Withdraw as Counsel for Plaintiffs (Doc. 128), which was granted, (*see* Sept. 16, 2015 Order, Doc. 129). Thereafter, Plaintiffs filed Notices of Voluntary Dismissal Without Prejudice (Doc. Nos. 131–133). Accordingly, this Court entered an Order directing the Clerk of Court to terminate all pending motions and close the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Oct. 16, 2015 Order at 1). Defendants Lameira and AGEC subsequently filed the Motion to Amend to effect a dismissal with prejudice in this case.

## II. LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

### III.   ANALYSIS

Defendants' motion seeks two forms of relief—(1) to amend this Court's October 16, 2015 Order to effect a dismissal with prejudice, and (2) to assess attorney's fees and costs against Plaintiffs.

#### A.   Motion to Amend

Pursuant to Plaintiffs' Notices of Voluntary Dismissal Without Prejudice, this Court entered the October 16, 2015 Order closing this case. Defendants now argue that this is Plaintiffs' second voluntary dismissal of claims arising out of the conduct alleged in the Amended Complaint, and therefore, this Court should dismiss the case with prejudice pursuant to the two dismissal rule.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), the plaintiff may voluntarily dismiss his or her case without a court order "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." While such dismissals are typically without prejudice unless otherwise noted by the dismissing party, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a

notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is known as the two dismissal rule. *See ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1266 (11th Cir. 1999). "The two dismissal rule does not bar a subsequent suit, but . . . when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action." *W. Grp. Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1368 (S.D. Fla. 2002).

Defendants have cited no authority for the proposition that the two dismissal rule can be invoked prior to the filing of a third case alleging the same or similar allegations, and this Court has found no such authority. As the Eleventh Circuit has stated, "Rule 41(a)(1)[(A)](i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam). Furthermore, "[t]he dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." *Id.* Thus, where Rule 41 has been properly invoked, the Court lacks jurisdiction to enter further orders on the merits. *See Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 888 (11th Cir. 2014) (per curiam) (noting that "after dismissal, the district court retains jurisdiction to consider collateral issues *which do not require a determination on the merits*" (emphasis added)); *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976) (holding that once a notice of dismissal has been filed "[t]he court ha[s] no power or discretion to deny [the] plaintiffs' right to dismiss or to attach any condition or burden to that right," and that "the attempt to deny relief on the merits and dismiss with prejudice was void").[1]

---

[1] Decisions of the Fifth Circuit entered before October 1, 1981, are binding on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

It is undisputed that Defendants filed neither an answer nor a motion for summary judgment in this case. Thus, Plaintiffs' Rule 41(a)(1)(A)(i) notices were effective upon filing and divested this Court of jurisdiction to further consider the merits of this case—i.e., the Court lacks jurisdiction to consider Defendants' two-dismissal argument or to enter a dismissal with prejudice in this case. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[O]nce a notice of voluntary dismissal is filed, the district court . . . . may [not] rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice."). "[W]hether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed." *Id.* Therefore, Defendants' Motion to Amend will be denied.

### B.     Attorney's Fees and Costs

Defendants have also moved for an award of attorney's fees and costs simultaneously with their Motion to Amend. However, pursuant to Local Rule 4.18 of the Middle District of Florida, "all claims for costs or attorney's fees . . . shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." Accordingly, it was improper for Defendants to move for costs and fees concurrently with their Motion to Amend. To the extent Defendants seek an award of costs and fees, that relief will be also denied.

### IV.     CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendants John L. Lameira and America's Green Energy Source's Motion for Order Dismissing the Plaintiff's Case with Prejudice and for Order for Costs and Attorney's Fees (Doc. 135) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 15, 2016.



Copies furnished to:

Counsel of Record
Unrepresented Parties